McKiNNEY, J.,
delivered the opinion of the Court.
On the 13th of June, 1857, McLary recovered judgment before a justice of Polk county against Susan Mayfield and others, for the sum of $88.85; and the name of Isaac H. Mayfield, the plaintiff in error, was afterwards entered as stayor. The question is, whether he is legally liable as such, under the circumstances.
It was agreed, (as proved by the justice,) at the time of the trial, between the plaintiff and defendant in the suit, that security for the stay might be taken by the justice at any time during the week after judgment was rendered. Within the time limited, Benjamin Mayfield, the brother of the plaintiff in error, appeared before the justice and stated, that he was authorized to direct the justice to enter the name of said *160 Isaac H. Mayfield, as stayor, but no -written authority was produced, or alleged to exist. The justice declined doing so, hut said that he, Benjamin Mayfield, might write his brother’s name on the docket as stayor, on his own responsibility, which he did. The justice being in doubt, as to the legality of this proceeding, had an interview with Isaac H. Mayfield, on the subject, which took place after the expiration of the week limited for taking security for the stay, and at a place more than two miles from the justice’s office ; and in which conversation, upon being informed of what had been done, he said it was all right, and “acknowledged himself stayor;” and the justice states, “ that he afterwards accepted and regarded him as the stayor.”
On the foregoing facts, the Circuit Judge held that said Mayfield was legally bound as stayor, and refused to quash the execution. In this the Court erred. The act of Benjamin Mayfield, in -writing the name of his brother, after the justice’s refusal to do so, was simply a nullity. The assent of the justice to the doing of the act, was of no effect. No liability whatever, on the part of Isaac H. Mayfield, was thereby created. The subsequent acknowledgment of his liability, as stayor, by the plaintiff in error, is alike inoperative to bind him. The justice had no authority to take it, (upon the supposition that this was the inception of plaintiff’s liability, as stayor,) because the period, limited by the agreement of the parties for staying execution, had expired. But, this objection aside, it is very clear, that the party’s admission of a supposed legal liability, when none such really existed, is of no effect to bind him, in a case like the present.
Judgment reversed, and execution quashed.